## McFarland Landscape Services, Inc. v. Damiano

*David H. H. Felix*, for plaintiff.
*Benjamin Levy*, for defendant.

RIBNER, J., August 11, 1972.—This action, which was heard in equity, raised the following issue: Can defendants, David Damiano, acting through the Department of Streets of the City of Philadelphia, and Joseph F. O'Neill, acting through the Police Department of the City of Philadelphia, eliminate ingress and egress to a dead-end street by making the street one way, where said actions were in supposed conformity with the Traffic Code of the City of Philadelphia?

### FINDINGS OF FACT

1. Plaintiff is McFarland Landscape Services, Inc., a Pennsylvania corporation, engaged in the business of landscape gardening, lawn and tree maintenance, and raising and sale of flowers and plant material, having its place of business at 109 East Walnut Lane, Philadelphia, Pa.

2. Defendant David Damiano is Commissioner of the Department of Streets of the City of Philadelphia, having his principal office in the Municipal Services Building, Philadelphia, Pa.

3. Defendant Joseph F. O'Neill is Commissioner of

Police of the City of Philadelphia, having his office at 8th and Race Streets, Philadelphia, Pa.

4. Plaintiff is the owner, by deed dated December 13, 1968, and recorded in Deed Book J.R.S. No. 295, page 28, of certain premises abutting on Markle Street between Houghton Street and Ridge Avenue.

5. Said premises are used as a part of plaintiff's business for the operation of a nursery and greenhouse.

6. In order to effectively conduct business, it is necessary that there be free access for trucks and cars to plaintiff's Markle Street property.

7. Plaintiff, by being the owner of premises located at 548 Seville Street, Philadelphia, has the use of a driveway abutting the rear of the Markle Street property.

8. The driveway, because of its narrow width and an eight-foot bank at the rear of the property, is not functional for ingress and egress by trucks to the property abutting Markle Street.

9. Markle Street, though on the City Plan from Houghton Street to Ridge Avenue, is physically open only to a point 137 feet 3½ inches from Houghton Street. The open portion of Markle Street is unpaved.

10. The only access to Markle Street, and thus, plaintiff's property, is from Houghton Street.

11. On or about December 9, 1971, defendant, acting through the Department of Streets of the City of Philadelphia, placed a metal sign at the corner of Houghton and Markle Streets carrying the legend "DO NOT ENTER" and another metal sign bearing the words "ONE WAY" with an arrow pointing toward Houghton Street.

12. The effect of said signs was to close Markle Street to all vehicular traffic, since Markle Street

comes to a dead end beyond Houghton Street in the direction of Ridge Avenue.

13. The actions taken by defendant, acting through the Department of Streets, were based on section 12-203 of the Traffic Code of the City of Philadelphia, which reads, in part, as follows:

"(2) For the purpose of minimizing traffic hazards and traffic congestion and for the promotion of public safety, the Department [of Streets] is authorized to establish any traffic regulation for a trial period of eight months; provided that

"(a) Prior to the commencement of any trial period, a copy of the proposed regulation shall be sent by the Department [of Streets] to Council together with a statement of the reasons therefor:

"(b) Such trial period shall begin upon the posting of signs or other appropriate notices to the public.

"(3) If an ordinance embodying such regulation, or any part thereof, is not approved after the eight-month trial period, such regulation shall cease to be effective."

14. The reason given for the action in making the street one way was, "To prevent undesirably large vehicles from using this street."

15. The Fifth Police District of the City of Philadelphia, within whose jurisdiction this portion of Markle Street lies, was notified of this action by the Department of Streets and enforces the prohibition.

16. The drivers of trucks delivering materials and merchandise to and from plaintiff's Markle Street premises have been deterred from approaching the premises through fear of being in violation of the regulations.

17. It is economically impossible and unfeasible to hand deliver items from trucks located either on

Houghton Street or through the driveway from Seville Street.

18. As a result of the actions complained of, plaintiff has suffered, is now suffering, and will continue to suffer irreparable harm to the eventual destruction of its business.

## DISCUSSION

There is no dispute as to the power of the City of Philadelphia to regulate vehicular traffic. The question is whether or not the city is subject to any restraints in exercising its police power.

In reviewing the authorities, it becomes evident that the exercise of police power is not to be unfettered in the regulation of streets and highways. See Livingston v. Wolf, 136 Pa. 519 (1890); White's Appeal, 287 Pa. 259 (1926); Breinig v. Allegheny County, 332 Pa. 474 (1938); Wolf v. Department of Highways, 422 Pa. 34 (1966).

In Breinig, supra, at page 483, the court aptly states the law:

"But such acts of regulation, or limitation of rights, under the police powers must be reasonable. They cannot be sustained if they are capricious, arbitrary, or unduly delimit and unreasonably intermeddle with the rights of an abutting property owner. When the county or other authorities so act it is not within the scope of the police power.

"Ordinarily the determination of this question is a legislative or executive matter, and the presumption is established that these officials act lawfully in exercise of their discretion. But it is nevertheless the duty of the judiciary to inquire into that exercise, and if it is found the discretion of these other branches of government has been abused, we interfere immediately to relieve against oppressive and arbitrary action. This

happens only when the asserted exercise of the police power is manifestly unreasonable, arbitrary or discriminatory, and the action of the officers patently unreasonable or oppressive."

The regulation making Markle Street one way is not within the reasonableness standard. It must be admitted that there is no logic to the regulation. That the situation presents a "bizarre arrangement" was even noted by the City Traffic Engineer, John W. Boorse, an employe of the Department of Streets, in a piece of correspondence that was introduced into evidence at the hearing.

Since the street has a dead end, defendants, by placing one-way signs at the entry point, have made the street a mere footway. All vehicular traffic has been effectively eliminated. Such an action must be viewed as arbitrary and unreasonable, even if the action of defendant was in total conformity with section 12-203 of the Traffic Code of the City of Philadelphia. Here, McFarland has been denied access to his property without any corresponding public benefit or any compensation.

That one is entitled to access to the street upon which his property abuts has been noted by the Pennsylvania Supreme Court in Wolf v. Department of Highways, supra, where the court in footnote 7 cited Breidert v. Southern Pacific Co., 39 Cal. Rptr. 903, 394 P. 2d 719. In that case it was said ". . . [that an abutting owner has] the right to get into the street upon which [his] property abuts and from there, in a reasonable manner, to the general system of public streets." McFarland has been deprived of that right.

Because Markle Street is unpaved, the city might argue that plaintiff, in the operation of his business, has created a public nuisance by causing environmental problems. However, to eliminate dirt and dust,

paving of the street would be the remedy, whereas, the present action has deprived McFarland unjustly of ingress to and egress from his Markle Street property.

The court concludes as a matter of law:

1. Equity has jurisdiction.

2. The installation of signs at the intersection of Houghton and Markle Streets converting Markle to a one way street is an unlawful and unreasonable act.

3. The installation of the signs making a dead-end street one way is an arbitrary and unreasonable exercise of police power.

4. Plaintiff is entitled to injunctive relief.

## DECREE NISI

It is ordered, adjudged and decreed that the said defendants, David Damiano, in his capacity as Commissioner of the Department of Streets of the City of Philadelphia, and Joseph F. O'Neill, in his capacity as Commissioner of the Police Department of the City of Philadelphia, are prohibited from the further display of two signs at the corner of Houghton and Markle Streets in the City of Philadelphia, the one sign reading "DO NOT ENTER" and the other reading "ONE-WAY" with an arrow pointing towards Houghton Street. Defendant Damiano, acting through the Department of Streets, is required to remove said signs, and defendant O'Neill, acting as Commissioner of Police, is restrained from enforcing the notice given by the Department of Streets making Markle Street from Houghton Street to Ridge Avenue one way in the direction of Houghton Street.

This decree nisi shall be final as of course unless exceptions are filed within 20 days after notice hereof. The prothonotary is directed to notify forthwith the parties hereto and their counsel of the entry of this decree.